## *Ex parte* DAN JOHNS.

No. A-1650.   Opinion Filed June 12, 1912.

(124 Pac. 941.)

1. **HABEAS CORPUS—Admission to Bail—Procedure.**  Where an original application is made to this court for bail in a murder case, it will be treated as though the application had been previously presented to the trial judge of the district in which the case is pending, and upon a full hearing he had decided that the petitioner was not entitled to bail.

2. **HOMICIDE—Burden of Proof.**  Upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon the defendant, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable.

3. **BAIL—Right to Bail—Murder.**  Upon habeas corpus, if the proof of the guilt of the petitioner is evident, or the presumption thereof is great, bail should be refused; otherwise the petitioner should be admitted to bail.

(Syllabus by the Court.)

Petition of Dan Johns for writ of *habeas corpus*.  Petitioner admitted to bail.

*E. M. Frye, Thomas J. Watts,* and *Kyle & McCombs,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., and *T. F. Shackleford,* Co. Atty., for the State.

FURMAN, P. J. This is an original petition for a writ of *habeas corpus* filed in this court, without first invoking the jurisdiction of the district judge of Sequoyah county. Under these circumstances, we will treat the case as though it had been previously presented to and passed upon by said district judge. See *In re C. L. Harkins, ante,* 124 Pac. 931. Under our Constitution, if the proof is evident of the guilt of the petitioner of a capital offense, or the presumption thereof is great, bail must be refused; otherwise bail should be granted. In determining this question, we must be governed by the rule laid down in section 6854, Comp. Laws 1909, which is as follows:

"Upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

In this case it is proven by the state, and not denied by the defendant, that the homicide was committed by the petitioner. The testimony for the state tends to establish a case of murder. The burden is therefore on the petitioner to show that he is entitled to bail. The testimony for the petitioner tends to establish a case of self-defense, or that the offense, if any, was not more than manslaughter. Upon the testimony with reference to the immediate facts of the homicide, we are not disposed to grant bail. But the petitioner has filed affidavits of the following persons: W. F. Ahrens, president of the board of trustees of the incorporated town of Sallisaw; W. L. Littlejohn, judge of the county court of Sequoyah county; W. N. Agent, city marshal of the incorporated town of Sallisaw; J. A. Peters and N. G. Burrow, ministers of the gospel living at Sallisaw; R. O. Turner, J. H. Baker, B. Smallwood, C. B. Johnson,

R. T. Kelleam, C. F. Ivey, Harry E. Corey, E. L. Moore, S. R. Wells, O. G. Smith, C. A. Wells, and a number of others—to the effect that they have known the petitioner for many years, and that he has always borne the general reputation of being a peaceable, law-abiding, inoffensive citizen. The parties making these affidavits represent all occupations. Many of them are personally known to members of this court as gentlemen of the highest character and of unimpeachable reputation for truth and veracity. Petitioner has also filed the affidavits of the following persons: W. R. Lewelling, L. L. Bragg, C. C. Meton, F. A. Spencer, W. W. Neel, T. B. Pinkerton, E. L. Jerry Fleetwood —all of whom swore that the deceased had the general reputation of being a dangerous and overbearing man. Petitioner also filed the affidavit of J. H. Thompson, who swore that he saw the deceased about 30 minutes before he was killed; that the deceased was then under the influence of liquor; that he heard the deceased say that he was going to kill the petitioner, Dan Johns; that the witness then went home and sat down to supper, when he heard the shooting in which the deceased lost his life. The affidavit of Joseph Graham was also filed. He swore that the deceased came to the place of business of witness just after the petitioner had gone out, and that he then heard the deceased say that the petitioner was a God damn son of a bitch, and that he (the deceased) would kill him. Petitioner also introduced the affidavit of Ed Rogers, who swore that about the middle of December, 1911, he heard the deceased say, "If Dan Johns ever throws himself in the right shape, I will shoot his God damn brains out. I saw one fellow get killed and another fellow get the praise for it; and I will see that Dan Johns goes the same way." That about ten days after that witness told Dan Johns "he had better keep his eyes open; that Bill Lovern had it in for him and wanted to kill him." Petitioner also introduced the affidavit of John C. Ames that he heard the deceased say that "Dan Johns know⸗ better than to monkey with me; I will put a bullet in him."

We think the testimony of what took place at the time of the killing should be considered in the light of this evidence, and

that under it the petitioner is entitled to bail. It is therefore ordered that petitioner be admitted to bail, to be approved by the clerk of the district court of Sequoyah county, in the sum of $10,000.

ARMSTRONG and DOYLE, JJ., concur.