## In re EARNEST McDONALD.

No. A-9986.    April 9, 1941.
(112 P. 2d 428.)

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for respondent.

JONES, J. This is an original proceeding in habeas corpus by Earnest McDonald to effect his release from the State Penitentiary at McAlester, Okla., where he was committed from Oklahoma county to serve a term of five years for robbery.

Petitioner states in his application for writ of habeas corpus that he has been deprived of all legal rights and due process of law guaranteed to him by the Oklahoma and federal Constitutions. That he is 61 years of age; on July 30, 1940, he was taken into custody and accused by the arresting officer, Bo Baker, of having stolen a watch from one Hattie Carter, by whom he was confronted, and that she stated the watch was stolen on July 11, 1940. Baker asked petitioner to plead guilty, which he refused to do.

Petitioner further alleges that on August 1, 1940, the officers told him that he was accused of attempted rape upon Hattie Carter on July 15, 1940; that he was confronted again by her. She stated that the attempted rape occurred about 10 o'clock at night. Petitioner asked her how she knew what time; she stated she looked at her watch. He asked her if she had recovered the watch; she answered that she had not. He inquired if she had two watches, to which she replied that she had not.

Petitioner relates that he was taken to a room where he watched Baker beat two other negroes until they pleaded guilty. He was advised to plead guilty and guaranteed not to receive over a six months' sentence. On account of his age he knew that such a beating as the others received

would kill him. After a few blows he agreed to plead guilty, and was advised by Baker to plead guilty to robbery. On that same day he was taken before District Judge Hooker, who asked him what his plea was. Baker answered that petitioner had already pleaded guilty. He was sentenced to serve five years in the State Penitentiary on recommendation of the officers.

The county attorney of Oklahoma county received a copy of the petition and without this court issuing the rule to show cause has filed a response to the petition, stating that defendant is 46 years of age, an habitual criminal, and denying every material allegation contained in the petition to the effect that a statement was taken by force and duress, and that petitioner was struck or abused.

Attached to the response is a written statement made by petitioner before Officers Harbolt, Butler, and Mackey, in which he stated:

"I, Earnest McDonald, make this statement of my own free will and accord, without threat or promise having been made on the part of anyone concerned having been first advised that what I say herein may be used as evidence in the event criminal charges are filed.

"On July 12, 1940, along about dark, I went into a house at 417 N. E. 1st street, in the rear, Oklahoma City, Oklahoma, where I saw a woman standing in the door. I walked on in this house and took $1.13 in money away from this woman then walked east on N. E. 1st street. My brother was arrested for this crime, and I went and talked to a negro woman by the name of Mildred Canty, and told her to go over and find out what she could and I told her at this time that they had the wrong man in jail for this crime. At this time she asked me if it would be all right to wait until 2:30 p. m. or 3:00 p. m., but I did not go back to talk to her.

"The foregoing statement has been made and read by me in the presence of witnesses in the detective bureau,

at the Oklahoma City police department, this 1st day of August, 1940, and it is the truth to the best of my knowledge, so help me God."

Also, attached to the response is a copy of the criminal record of petitioner furnished by the Federal Bureau of Investigation, which shows many convictions for felonies, including rape, larceny, and forgery; also, two different occasions when he had escaped from prison.

The petition should have been presented in the district court of Pittsburg county. Ex parte Johns, 7 Okla. Cr. 488, 124 P. 941.

This court will not entertain original application for habeas corpus, except in some extreme emergency, where application has not been presented to district court and writ refused. Ex parte Dockum, 20 Okla. Cr. 468, 204 P. 134. However, to avoid a repetition of the filing of this petition, we deem it advisable to state that, after considering the criminal record of petitioner, this court can give no credence to the statements in this application for writ where the same conflicts with the record and evidence of the officers.

For the reasons above stated, writ of habeas corpus is denied.

BAREFOOT, P. J., and DOYLE, J., concur.